# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PHILEX, INC. and TIM OBELGONER,<br><br>PLAINTIFF,<br><br>vs.<br><br>SHERIFF DAVID DAVIS, in his individual capacity,<br><br>DEFENDANT, | Case No.: |

## COMPLAINT

This is an action under 42 U.S.C. § 1983 for violation of rights to procedural and substantive due process.

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. 1983.

2. Venue is proper under 28 U.S.C. § 1391(b), because all relevant events giving rise to the claim occurred in this judicial district.

## PARTIES

3. Plaintiff PHILEX, INC. (Philex) is a corporation incorporated under the laws of Georgia. At all times relevant to this Complaint, Philex, Inc. d/b/a The Thirsty Turtle operated The Thirsty Turtle, a bar located at 425 Cherry Street, Macon, Bibb County, Georgia.

1

4. Mr. Tim Obelgoner is the alcohol licensee for the malt beverage, wine and distilled spirits for consumption on premises license ("Alcohol License") issued for Philex, Inc., d/b/a The Thirsty Turtle, for the year 2020.

5. Sheriff David Davis is the Sheriff of Bibb County, Georgia. Sheriff Davis is being sued in his individual capacity.

6. At all times referred to herein, Defendant was acting under color of state law.

**FACTS**

7. Plaintiffs applied for and received an Alcohol License for the year 2020.

8. During the early morning hours of November 27, 2000, a drive-by shooting occurred on Cherry Street in downtown Macon-Bibb County. One person died as a result of the drive-by shooting.

9. As of November 27, 2020, the Bibb County Sheriff's Office did not have a description of the suspect.

10. On November 27, 2020, the same day as the drive-by shooting, Sheriff Davis sent a letter to Mr. Tim Obelgoner as Alcohol Agent for The Thirsty Turtle, stating in part that, pursuant to Sec. 4-402 of the Macon-Bibb County Code of Ordinances, he would be "conducting a review of the activities relating to the operations of the business entity operating as 'The Thirsty Turtle,' at 425 Cherry Street, in Macon-Bibb County, Ga."

11. Sheriff Davis further stated in his letter that "I have made a determination at this time that the occurrence of these events 'create a particular and severe risk of injury or death to any person or to any member of the public at large.' For this reason

all alcohol licenses of this business are hereby revoked immediately and temporarily, for a period not to exceed 90 days." A copy of the letter is attached as **Exhibit A.**

12. Section 4-402(c) of the Macon-Bibb County Code of Ordinances authorizes the Sheriff to "undertake a review of any license issued under this Chapter for the purpose of considering whether to take any Adverse Action against such business if, at any time during the effective period of any license issued under this Chapter, the Sheriff becomes aware of" certain conduct.

13. Section 4-402(d) further provides: "

> *Upon completing any review* under subsection (c) of this Section, the Sheriff *should prepare a written report* identifying the licensee and all current licenses issued under this Chapter to said licensee for any businesses or locations within Macon-Bibb County; the particular business(es) or location(s) for which the review was performed; the reasons for which a review was initiated; any findings or conclusions made as a result of that review; and stating whether the Sheriff recommends no changes for the licensee, or specifying any Adverse Actions the Sheriff recommends taking against such licensee."
> (emphasis added).

14. Section 4-402(e) provides that:

> "If, *upon completing any license review under subsection (c) of this Section*, the Sheriff makes a determination that the factors considered under subsection (c) create a particular and severe risk of injury or death to any person or to any member of the public at large, then the Sheriff

shall have the authority to immediately revoke on a temporary basis all licenses issued under this Chapter to such licensee, for no more than ninety (90) days or until such time as the Macon-Bibb County government reaches a final administrative decision on the determination, whichever occurs first." (emphasis added).

15. A plain reading of Section 402 limits the Sheriff's ability to impose a temporary revocation under Section 4-402(e) to the circumstance in which the Sheriff has *completed* a review under Section 4-402(c).

16. If the Sheriff completes such a review, Section 4-402(d) requires the Sheriff to prepare a report and provide the licensee with a copy of that report whenever the review has been completed pursuant to Section 4-402(c).

17. At the time Sheriff Davis sent his November 27, 2020, letter to Plaintiffs, he had not provided a report to the licensee, as required by Section 4-402(d). In fact, as of December 3, 2020, Sheriff Davis had not completed the report required pursuant to Section 4-402(d).

18. At a press conference on November 30, 2020, Sheriff Davis stated one of the reasons for temporarily revoking Plaintiff's Alcohol License was that the licensee had violated the ordinance, because it did not have a working surveillance camera system. Specifically, Sheriff Davis said:

> "First thing we asked them is your cameras working inside and they said no they are not working . . . , and that right there is a violation of the ordinance."

19. Nothing in the Alcohol Ordinance for Macon-Bibb County required a business licensed to sell the malt beverage, wine and distilled spirits for consumption on premises to have security cameras. Plaintiffs were not required to have security cameras installed inside The Thirsty Turtle.

20. Sheriff Davis falsely accused The Thirsty Turtle of violating the Alcohol Ordinance by not having security cameras in violation of the Alcohol Ordinance, and he used that false accusation as a basis for temporarily revoking the licensee's license in his November 27, 2000 letter.

21. By the terms of his own letter, Sheriff Davis revoked Plaintiffs' Alcohol License before he had even begun the review required under Section 4-402(c).

22. Sheriff Davis was without legal authority to temporarily revoke Plaintiffs' Alcohol License.

23. Plaintiffs had a property interest in the ongoing business of The Thirsty Turtle.

24. Sheriff Davis' temporary revocation caused Philex to temporarily close its business, lose customers and lose income.

25. Sheriff Davis' conduct violated the Fourteenth Amendment by depriving Plaintiffs of property without due process of law and depriving Plaintiff of a liberty interest in operating a business.

26. At the end of the temporary license revocation, Sheriff Davis returned Plaintiffs' Alcohol License without taking any further action against it during the period of temporary revocation.

27. Sheriff Davis undertook this action to drive Plaintiff Philex out of business and with the conscious intent to deprive Plaintiffs of property without due process of law.

## COUNT ONE
## 42 U.S.C. § 1983

28. Plaintiffs reasserts the allegations set forth in numbered paragraphs 1 through 27 of this Complaint.

29. Defendant at all times was acting under color of law.

30. Defendant was acting outside the scope of his discretionary authority when he temporarily revoked Plaintiffs' Alcohol License without following the process set forth in Sec. 4-402 of the Macon-Bibb County Code of Ordinances.

31. As a result of Defendant's unlawful actions, Plaintiffs were damaged through lost profits and other financial injury.

32. Plaintiffs are entitled to compensatory and nominal damages as a result of Defendant's violations of their due process and liberty interest rights under the Fourteenth Amendment.

33. Defendant acted with malice or in reckless disregard of Plaintiffs' federally protected rights, thereby entitling Plaintiffs to punitive damages.

**WHEREFORE**, Plaintiff prays:

 A. That Summons and process be issued as required by law;

 B. That Plaintiffs be awarded nominal, compensatory, punitive and special damages against Defendant in an amount to be determined by the jury;

 C. That Plaintiff be awarded his costs and expenses of this action and attorneys' fees as authorized by 42 U.S.C. §1988;

 D. That Plaintiff have a trial by jury on all issues so triable; and

E. That Plaintiff have such other relief as this Court deems just and proper.

This November 27, 2022.

          **/s Charles E. Cox, Jr.**
          Ga. Bar No. 192305
          **Attorney for Plaintiffs**
          Post Office Box 67
          Macon, Georgia 31202-0067
          Telephone: (478) 757-2990
          Facsimile: (478) 757-2991
          E-mail: charles@cecoxjr.com